FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 22 2022

KEVIN P. WEIMER, Clerk
By: PT   Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARRON . COLEMAN, | § CIVIL ACTION NO. |
| | § 1:22-CV-0309401153--WMR |
| Plaintiff, | § |
| vs. | § |
| | § NOTICE OF APPEAL |
| CATAMOUNT PROPERTIES | § |
| 2018.,LLC ., | § |
| | § |
| Defendants. | § |

**COMES NOW** the Plaintiff, Aaron Coleman, (hereinafter referred to as "Plaintiff"), via Pro Se submission, who hereby gives notice of his appeal to the Eleventh Circuit Court of Appeals. Plaintiff hereby appeals this Court's final order, dated December 6, 2022, dismissing Plaintiff's complaint against Defendant Catamount Properties 2018 LLC. *A true and correct copy of said order is attached hereto as "Exhibit A."*

Dated: December 22, 2022.

Respectfully submitted,

[signature] Aaron Lee Coleman JCC 1-TOR

Aaron L. Coleman
Pro Se Plaintiff
515 Jenna Trail.
McDonough , GA 30251

**CERTIFICATE OF SERVICE**

1

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Appeal was served via U.S. Mail on the parties listed below, on this 22 day of January, 2022.

*[signature: Aaron-Lee: Coleman ucc 1-308]*

Aaron L Coleman
Pro Se Plaintiff
515 Jena Trail.
McDonough, GA 30251

Service List:

Igor   Stephens ET AL
Rubin Lublin  LLC
2145 Avalon Ridge Place, Suite100
Peachtree Corners GA 30071

**EXHIBIT "A"**

AARON L COLEMAN

515 JENA TRAIL

MCDONOUGH, GA 30252

FILED IN OFFICE
HENRY COUNTY
SUPERIOR COURT

DEC 15 2022

CLERK OF SUPERIOR COURT

HENRY COUNTY SUPERIOR COURT

AARON L COLEMAN ]

        Plaintiff ]    Case # 22-CV-1067 cd &

                            Case # 2022-3672 cd

ATTORNEY IGOR STEVENS ]    Reserve The Right To Amend

CATAMOUNT PROPERTIES 2018 LLC ]    Demand To Amend

AND ALL UNKNOWN PARTIES

(FIRST NATIONAL BANK OF AMERICA)

        Defendants ]

## MOTIOIN TO CHALLENGE JURISDICTION OF EVICTION COURT

## THE EVICTION IS INTERWINED WITH A TITLE DISPUTE IN FEDERAL COURT

["Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

COMES NOW AARON COLEMAN, a Third Party Interest Intervener and Beneficiary of AARON L COLEMAN, who is neutral in the public, who is unschooled in law, AARON L COLEMAN and making a special appearance before this court under the supplemental rules of Admiralty, Rule E (8), a restricted appearance, without granting jurisdiction, and notices the court of enunciation of principles as stated in Haines v. Kerner, 404 U.S. 519, wherein the court has directed that those who are unschooled in law making pleadings and/or complaints shall have the court look to the substance of the pleadings rather in than the form, and hereby makes the following pleadings/notices in the above referenced matter without waiver of any other defenses. Aaron L Coleman, challenges JP court's jurisdiction whereby matters between the parties cannot be adjudicated in the justice court in which the forcible entry and detainer proceedings are



AARON L COLEMAN
515 JENA TRAIL
MCDONOUGH, GA 30252

IN THE STATE COURT OF HENRY COUNTY GEORGIA

| | | |
|---|---|---|
| AARON L COLEMAN] | | |
| | Plaintiff ] | Case # 2022 -3672 cd |
| ATTORNEY IGOR STEVENS ] | | Reserve The Right To Amend |
| CATAMOUNT PROPERTIES 2018 LLC ] | | Demand To Amend |
| AND ALL UNKNOWN PARTIES | | |
| | DefendantS ] | |

## MOTIOIN TO CHALLENGE JURISDICTION OF EVICTION COURT

## THE EVICTION IS INTERWINED WITH A TITLE DISPUTE IN FEDERAL COURT

["Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

COMES NOW AARON COLEMAN, a Third Party Interest Intervener and Beneficiary of AARON L COLEMAN, who is neutral in the public, who is unschooled in law, AARON L COLEMAN and making a special appearance before this court under the supplemental rules of Admiralty, Rule E (8), a restricted appearance, without granting jurisdiction, and notices the court of enunciation of principles as stated in Haines v. Kerner, 404 U.S. 519, wherein the court has directed that those who are unschooled in law making pleadings and/or complaints shall have the court look to the substance of the pleadings rather in than the form, and hereby makes the following pleadings/notices in the above referenced matter without waiver of any other defenses. Aaron L Coleman, challenges JP court's jurisdiction whereby matters between the parties cannot be adjudicated in the justice court in which the forcible entry and detainer proceedings are pending due to the justice court's limited subject matter jurisdiction, the law states either party

may maintain an action in a court of competent jurisdiction for proper relief." *McGlothlin v. Kliebert*, 672 S.W.2d 231, 233 (Tex. 1984).

This court is deprived of jurisdiction because the right to immediate possession requires the resolution of a title dispute." *Black v. Washington Mutual Bank*, 318 S.W.3d 414 (Tex.App.—Houston [1st Dist.] 2010, pet.

Aaron Coleman .filed this motion to challenge JP Court's jurisdiction and to inform the JP Court Aaron Coleman, has filed an action in a Federal Court of competent jurisdiction for proper relief in the title dispute that must be heard before possession can be determined. See: Exhibit A, a copy of the file stamped STATE Lawsuit for Wrongful Foreclosure pertaining to the title of the property in question. Also See: Exhibit B, a copy of the Restraining Order/ Injunction also filed in the same lawsuit ordering all parties to cease and decease foreclosure actions against this property.

The Maxim States:  a contract exists not where it is <u>made</u>, but where it is <u>paid</u>.  A state has metes and bounds which describes <u>**where**</u> it is.  To force payment of a contract it must be taken in law since if the court is acting in equity it is purely subjective dealing with "fairness".  A judge acting in equity cannot enjoin or command.  He can only suggest.  In order to command performance, the judge would have to go into law.  Hence, only a state judge of oath could command, otherwise he would be acting *ultra vires*.  If he is acting ultra vires, meaning he is operating outside of his scope of office, which scope of office is the only thing being insured, then he is acting in tort.

### An Action for Forcible Detainer:

"An action for forcible detainer is a 'summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises' . . . . The only issue to be resolved in a forcible detainer action is the right to immediate possession of the property; **the merits of title are not adjudicated.**" *Yarbrough v. Household Finance Corporation III*, 455 S.W.3d 277 (Tex.App.—Houston [14th Dist.] 2015, no pet.).

### Justice Courts Jurisdiction:

Justice courts have original jurisdiction in eviction cases. (Tex. R. Civ. P. 510.3(b) and Tex. Prop. Code § 24.004) and may award damages up to $10,000. If all matters between the parties

cannot be adjudicated in the justice court in which the forcible entry and detainer proceedings are pending due to the justice court's limited subject matter jurisdiction, either party may maintain an action in a court of competent jurisdiction for proper relief." *McGlothlin v. Kliebert*, 672 S.W.2d 231, 233 (Tex. 1984). It is also inappropriate to raise issues of title, since justice courts do not have authority over suits "for trial of title to land. . . ." (Tex. Gov. Code § 37.031). Jurisdiction over title issues generally resides with district or Federal Courts.

### Possession vs. Title Issues

There is a distinction between disputes concerning *possession* and disputes concerning *title*—although both issues may of course arise within the same case. Generally, justice courts have original jurisdiction over possession (Tex. Prop. Code § 24.004) and **district courts have original jurisdiction over title** (Tex. Const. art. V, § 8; Tex. Gov't Code § 26.043). Procedure Rule 510.3(e) also provides that the justice court must adjudicate the right to actual possession and not title. "Justice Courts do not have jurisdiction to determine or adjudicate title to land, and neither does a county court exercising appellate jurisdiction in a forcible detainer action." *Yarbrough v. Household Finance Corporation III*, 455 S.W.3d 277 (Tex.App.—Houston [14th Dist.] 2015, no pet.). In Yarbrough, the plaintiff claimed that the eviction arose from a wrongful foreclosure that was based on a fraudulent deed of trust—a title issue, so the case belonged in neither justice court nor county court but in district court.

The case *Gibson v. Dynegy Midstream Services, L.P.* 138 S.W.3d 518, 522 (Texas.App.—Fort Worth 2004, no pet.) puts it this way: "Justice Courts may adjudicate possession when issues related to the title of real property are [only] tangentially or collaterally related to possession. If, however, the question of title is so integrally linked to the issue of possession that the right to possession cannot be determined without first determining title, then the justice courts and, on appeal, the county courts, lack jurisdiction over the matter." Cases with title and possession issues that are "integrally linked" belong in District Court or Federal Court.

A Houston appeals court case elaborates: "Although a justice court has subject-matter jurisdiction over a forcible detainer action, the justice court, and a county court on appeal, lack jurisdiction to resolve any questions of title beyond the immediate right to possession . . . . On the other hand, a justice court is not deprived of jurisdiction merely by the existence of a title dispute; rather, it is only deprived of jurisdiction if the right to immediate possession necessarily

requires the resolution of a title dispute." *Black v. Washington Mutual Bank*, 318 S.W.3d 414 (Tex.App.— Houston [1st Dist.] 2010, pet. dism'd w.o.j.). The practical result? Cases with title and possession issues that are "integrally linked" usually wind up in District Court. A district court may pre-empt a justice court (or a county court that is hearing an FED appeal) on issues of possession when questions of title and possession are so intertwined that possession may not be determined without first determining title. In such cases, and only in such cases, may the justice court be deprived of jurisdiction. *Bynum v. Lewis*, 393 S.W.3d 916 (Tex. App—Tyler 2013, no pet.). But there is a caveat: the justice court (or county court on appeal) loses jurisdiction only if the right to immediate possession of the property first requires that title be adjudicated. *In re. American Homes for Rent Properties Eight, LLC*, 498 S.W.3d 153 (Tex.App.—Dallas 2016, no pet.). The Property Code provides for parallel, separate title and possession suits in the justice court and the court courts at law unless resolution of possession necessarily requires the resolution of a title dispute." *Gonzalez v. Wells Fargo Bank*, 441 S.W.3d 709, 713 (Tex.App.—El Paso 2014, no pet.). Another caveat: although justice courts have exclusive jurisdiction over forcible detainer (eviction) cases, there is an assumption involved that a landlord-tenant relationship exists between the parties. In the absence of such a relationship, the justice court may not be able to ascertain who has the right to immediate possession with first addressing title issues—something it lacks the authority to do. *Goodman-Delaney v. Granthan,* 484 S.W.3d 171 (Tex.App.—Houston [14th Dist.] 2015, no pet.). The justice court is not a court of record. No transcript is kept of the proceedings or testimony this is a clear violation of the Constitution.

## Substantive and Procedural Due Process:

Under both the Fifth and Fourteenth Amendments to the U.S. Constitution, neither the Federal government nor State governments may deprive any person of "life, liberty, or property without Due Process of Law." A similar Due Process provision was found in the Magna Carta, as well as early state constitutions. Chief Justice William Howard Taft explained the purpose behind the clauses in *Truax v. Corrigan* (1921) as follows: "The Due Process clause requires that every man shall have the protection of his day in court, and the benefit of the general law, a law which hears before it condemns, which proceeds not arbitrarily or capriciously, but upon inquiry, and renders judgment only after trial, so that every citizen shall hold his life, liberty, property, and immunities under the protection of the general rules which govern society. It, of course, tends to

secure equality of law in the sense that it makes a required minimum of protection for everyone's right of life, liberty, and property, which the Congress or the Legislature may not withhold." Courts have interpreted the Due Process clauses as providing two distinct limitations on government. First, the clauses provide for procedural Due Process, which requires the government to follow certain procedures before it deprives a person of life, liberty, or property. Cases that address procedural Due Process usually focus on the type of notice that is required of the government or the type of hearing that must be held when the government takes a particular action. Second, the clauses establish substantive Due Process, under which courts determine whether the government has sufficient justification for its actions. Because courts use substantive Due Process to protect certain fundamental rights of U.S. Citizens, issues related to substantive Due Process have been the subject of extensive debate.

### Lack of Jurisdiction:

Justice of the Peace Court has exclusive amount jurisdiction to hear cases about $500.00 or less. Justice of the Peace Court has amount jurisdiction to hear cases of $10,000.00 or less, including mortgage foreclosures and liens on personal property where the amount owed is $10,000.00 or less. Justice courts have original jurisdiction in eviction cases. (Tex. R. Civ. P. 510.3(b) and Tex. Prop. Code § 24.004) and may award damages up to $10,000. If all matters between the parties cannot be adjudicated in the justice court in which the forcible entry and detainer proceedings are pending due to the justice court's limited subject matter jurisdiction, then either party may maintain an action in a court of competent jurisdiction for proper relief." *McGlothlin v. Kliebert*, 672 S.W.2d 231, 233 (Tex. 1984). JP Court has no Jurisdiction to Resolve Title Issues A justice court does not have jurisdiction to resolve issues regarding title to real property (determining who owns the property). Government Code § 27.031(b) (4); Rule 510.3(e). If a justice court is unable to determine who has the right to possession without resolving a title dispute, then the court does not have jurisdiction of that case. Aguilar v. Weber; Haith v. Drake.

In this situation the court should either: a. Abate (or stay) the case pending a determination of the title issue in a court of competent jurisdiction, such as a district court; or b. Dismiss the case without prejudice so that the plaintiff can re-file it once the title issue has been resolved.

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the

action." Melo v. US, 505 F2d 1026. "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v. Lavine, 415 U. S. 533. In the Supreme Court cases you will find that jurisdiction can be challenged at any time and in the case of Lopez it was a jury trial which was declared void for want of jurisdiction. If it [jurisdiction] doesn't exist, it cannot justify conviction or judgment. ...without which power (jurisdiction) the state CANNOT be said to be "sovereign." At best, to proceed would be in "excess" of jurisdiction which is as well fatal to the State's/ USA 's cause. Broom v. Douglas, 75 Ala 268, 57 So 860 the same being jurisdictional facts FATAL to the government's cause ( e.g. see In re FNB, 152 F 64). A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.] Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993). "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court" OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).

### No Immunity For A Judge Ruling Without Subject- Matter Jurisdiction:

There is no immunity for a judge ruling without subject matter jurisdiction. See: Scheuer v. Rhodes, 416 U.S. 232, 94 S. St. 1683, 1687 (1974). Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect. The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." [bold is mine].

### Conclusion:

When the court is unable to determine who has the right to possession without resolving a title dispute first the court does not have jurisdiction. See: Aguilar v. Weber; Haith v. Drake. In this situation, the court should either:

a. Abate (or stay) the case pending a determination of the title issue in

a Federal Court of competent jurisdiction, such; or

b. Dismiss the case without prejudice so that the attorney can re-file once the title issue has been resolved in the wrongful foreclosure lawsuit.

I move the court to dismiss this "forcible entry and detainer action with prejudice due to the pending title dispute currently being addressed in the wrongful foreclosure lawsuit filed in Federal Court. The evidence of the Federal Lawsuit is attached to this document as exhibits a, and b. will verify the property is still in the foreclosure process.

The wrongful foreclosure lawsuit was filed before this the illegal process was complete and B.A.R. members have ignored the law, and my right to challenge the theft of my property. I' do not think this court will follow the law so, please accept this document also as my "Notice of Claim" against the Judge for violating the "Administrative Procedures Act of 1946, obstructed the administration of justice. The Judge also in violation the following criminal statutes in his judgment including but not limited to: 18 USC § 241, Conspiracy Against Rights; 18 USC § 242, Deprivation of Rights Under Color of Law; 18 USC § 1505, Obstruction of Justice; 18 USC § 371, Conspiracy to Commit Offense; 28 USC § 535(b) (1) when he took unlawful jurisdiction after being placed on notice.

I demand the case be dismissed with prejudice because this is not a court or record so the attorney will be forced to refile anyway after the case is moved to State Court where the wrongful foreclosure lawsuit challenging the title to the property is pending. The title will need to be decided before possession can be addressed.

_____ :

Aaron L Coleman

Without Prejudice U.C.C. 1-308

## Certificate of Service:

A copy of this document was mailed to the court and a copy was mailed to the parties and the agency listed below.

*Arron Lee Coleman*  8/ /2022
UCC 1-308

Arron L Coleman

Without Prejudice U.C.C. 1-308

ATTORNEY STEVEN IGOR

140 SW. 103th Ave 2nd FL.

ROSEWELL, GA. 999000

Henry County Magistrate Judge

John Frank Ward Blvd Suite 260.

McDonough, GA 30253

## VERIFICATION:

I' Aaron L Coleman, declare under penalty of perjury in accordance with the Laws of the United States of America that the foregoing is true and correct and complete to the best of my knowledge and belief.

*[signature]* on this 12 th Day, of August 2022

Aaron L Coleman

Without Prejudice U.C.C. 1-308

515 Jena Trail

Mcdonough, GA 30252

Aaroncoleman100@gmail.com

On this 12 day of August, 2022 before me, the undersigned, a Notary Public in and for the State of GEORGIA, personally appeared the above-signed, known to me to be the one whose name is signed on this instrument, and has acknowledged to me that he has Executed the same.

Signed: *[signature]*

Printed Name: Nelyzabeth Pierre

My Commission Expires: 4/18/2026

*[Notary Seal: NELYZABETH PIERRE, NOTARY PUBLIC, CLAYTON COUNTY, GA, EXP. APRIL 18, 2026]*

Date: _____   Common Law Seal: _____

9

Challenge to Eviction Court's Jurisdiction

### VERIFICATION:

I' Aaron L Coleman , declare under penalty of perjury in accordance with the Laws of the United States of America that the foregoing is true and correct and complete to the best of my knowledge and belief.

_____ on this ___12___ th Day, of ___August___ 2022

Aaron L Coleman

Without Prejudice U.C.C. 1-308

515 Jena Trail

Mcdonough , GA 30252

Aaroncoleman100@gmail.com

On this __12__ day of __August__, 2022 before me, the undersigned, a Notary Public in and for the State of GEORGIA, personally appeared the above-signed, known to me to be the one whose name is signed on this instrument, and has acknowledged to me that he has Executed the same.

Signed:_____

Printed Name:__Nelyzabeth Pierre__

My Commission Expires:__04/18/2026__

Date:_____ Common Law Seal:_____

## Certificate of Service:

A copy of this document was mailed to the court and a copy was mailed to the parties and the agency listed below.

*[signature]* 8/ /2022
UCC 1-308

Arron L Coleman

Without Prejudice U.C.C. 1-308

| | |
|---|---|
| ATTORNEY STEVEN IGOR | Henry County Magistrate Judge |
| 140 SW. 103th Ave 2nd FL. | John Frank Ward Blvd Suite 260. |
| ROSEWELL, GA. 999000 | McDonough , GA 30253 |