# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CATAMOUNT PROPERTIES 2018, LLC,<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>AARON COLEMAN AND ALL OTHERS AT 515 JENNA TRAIL, MCDONOUGH, GA 30252,<br><br>　　　Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-03094-WMR |

## ORDER

This matter is before the Court on Defendant's Motion for Temporary Restraining Order and Injunction [Doc. 4] and Plaintiff's Motion to Remand. [Doc. 5]. Based on the record and the parties' briefings on the issue, the Court hereby **TERMINATES** Defendant's Motion and **GRANTS** Plaintiff's Motion.

### I.　　BACKGROUND

This case involves a possession dispute over a property located at 515 Jenna Trail, McDonough, GA 30252. [Doc. 5-1 at 1]. Plaintiff Catamount Properties 2018, LLC ("Catamount") filed a Dispossessory Warrant in the Magistrate Court of Henry County on July 14, 2022. [*Id.* at 1-2]. In the Warrant, Plaintiff Catamount alleges that Defendant is a "tenant at sufferance," and Plaintiff thus seeks possession

1

of the premises. [*Id.* at 8]. Plaintiff also seeks "judgment for the past due rent in the amount of $0.01," "rent accruing up to the date of judgment or vacancy at the rate of $0.01 per Month," and a "Court Cost" of $27.00. [*Id.* at 8-9]. The matter was set for hearing for August 9, 2022. [*Id.* at 2].

On August 5, 2022, Defendant Aaron Coleman, proceeding pro se, sought to remove his state court proceedings in the Magistrate Court of Henry County to this Court based on federal question jurisdiction. [Doc 1-1; Doc. 1-3 at 1]. Instead of paying the filing fee, Defendant applied to proceed in forma pauperis. [Doc. 1]. Magistrate Judge J. Elizabeth McBath granted Defendant's application to proceed in forma pauperis. Magistrate Judge McBath then submitted the case to this Court for a frivolity determination under 28 U.S.C. §1915(e). [Doc. 2].

Defendant then filed a Motion for Temporary Restraining Order and Injunction [Doc. 4], which is entitled "Restraining Order Injunction to Block State Court From Moving Forward with the Foreclosure and Eviction While My Motion to Challenge Jurisdiction is Pending, and Request for Emergercy [sic] Hearing on the Matter in this Court." [Doc. 4 at 1]. Defendant had previously included this Motion in his Notice of Removal filings. [Doc. 1-2]. Defendant's Motion, though somewhat hard to understand, challenges the "jurisdiction of the State Court" and lists various restatements of law regarding jurisdiction. [Doc. 4 at 1]. Under the section of Defendant's Motion entitled "Subject Matter Jurisdiction," Defendant

argues that "[t]he pleadings filed in this case were not sufficient to invoke the [Magistrate Court of Henry County]'s authority to act. The complaint alleged a breach of contract however the original instrument of indebtedness was ever [sic] placed on the record. Also missing is an accounting of the money trail related to the alleged breached contract." [*Id.* at 2]. Defendant relies on several provisions of the United States Code and Uniform Commercial Code to support his argument, including that "[t]he bank and debt collector is operating through fraud all commercial instruments such as promissory notes, credit agreements, bills of exchange and checks are defined as legal tender, or money, by the statutes such as 12 USC 1813(1), UCC §1-201(24), §3-104, §8 -102(9), §§9-102(9), (11), (12)(B), (49), (64)." [*Id.* at 5]. Defendant does not elaborate on how these provisions support his claim that the Magistrate Court of Henry County does not have jurisdiction over this action.

Defendant then cites the Truth in Lending Act, the Fair Debt Collection Practices Act, and the Real Estate Settlement Procedures Act to argue that "[t]he mortgage contract should be rescinded because the creditor does not provide full disclosure, or the contract is extremely deceptive and unconscionable." [*Id.* at 6]. Defendant continues that "[t[he promissory note used to gain the court's jurisdiction is fraudulent the document is being used in court as a security when it was never registered. The Original promissory note signed to lien the property was the real

3

source of the alleged loan. Fact is the money the bank is claiming was a loan was generated by Aaron L Coleman's signature. This fatal flaw robbed the court of jurisdiction." [*Id.* at 8]. In the section of his Motion entitled "Summary," Defendant concludes the following:

> "Aaron L Coleman, moves this court to vacate foreclosure judgment against his real property with prejudice and vacate the eviction judgment. The original instrument of indebtedness was never filed on the court record to provide the court with jurisdiction and therefore State court lacked authority to rule on the pending case. The affidavit used in this case is defective because the attorney failed to secure a 1st hand fact witness to testify, and since attorneys cannot state facts before the court the foreclosure must be vacated, and the eviction proceedings dismissed. Or what the court decides is just and fair."

Plaintiff Catamount subsequently filed its Motion to Remand. [Doc. 5]. Plaintiff argues that "this case is not within the limited jurisdiction of this Court and must be remanded to Magistrate Court [of Henry County] for dispensation." [Doc. 5-1 at 2]. Plaintiff asserts that "an action proceeding in federal district court must involve a federal question" or must "involve an amount in controversy exceeding $75,000 and proceed between citizens of different states." [*Id.* at 2]. Plaintiff further asserts that "Defendant utterly fails to specify which of these two categories he has sought to remove upon," and "[i]n fact, Defendant has failed to demonstrate any legal basis for removal whatsoever." [*Id.* at 2-3]. Because this Court "cannot retain jurisdiction of this case," Plaintiff requests that this Court remand this action to the Henry County Magistrate Court. [*Id.* at 4].

## II.     LEGAL STANDARD

As courts of limited subject matter jurisdiction, federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Thus, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In federal-question cases, district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In diversity cases, district courts have diversity jurisdiction over civil actions between citizens of different states with an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a)(1). The burden rests upon the party asserting that jurisdiction exists and that removal is therefore proper. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). If the Court determines that it lacks jurisdiction, the case must be remanded. *See id.*

## III. DISCUSSION

The Court finds that the underlying case is a state dispossessory action containing no federal claim. Thus, Defendant's removal based on federal question jurisdiction under 28 U.S.C. § 1331 was improper. [Doc. 5-1 at 8-9]. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). Plaintiff's dispossessory action, which alleges that Defendant is a tenant-at-sufferance, is based solely on Georgia law.[1] *See Driscoll v. Elamin*, No. 1:14-cv-3461-WSD, 2015 WL 1802912, at *4 (N.D. Ga. April 17, 2015) (finding that "no federal question is presented in a dispossessory proceeding" that is "brought pursuant to O.C.G.A. § 44–7–50"); *Bradshaw v. Bank of Am., N.A.*, No. 1:12-CV-03784-RWS, 2013 WL 12109760, at *1 (N.D. Ga. June 24, 2013) ("A landlord-tenant relationship exists between a legal title holder and a tenant-at-sufferance such that the dispossessory procedures set forth in O.C.G.A. § 44-7-50 et seq. are applicable.") (quoting *Steed v. Fed. Nat'l Mortgage Corp.*, 689 S.E.2d 843, 848 (Ga. Ct. App. 2009)). In his Motion, Defendant appears to make some allegations that federal laws were violated, but such allegations cannot confer federal subject-matter jurisdiction over this action. *See U.S. Bank Nat'l Ass'n v. Sanders*,

---

[1] When a former owner of real property remains in possession after a foreclosure sale, he becomes a "tenant at sufferance." *See Steed v. Fed. Nat'l Mortg. Corp.,* 689 S.E.2d 843 (Ga. Ct. App. 2009).

6

No. 1:15-cv-357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015) (remanding the Georgia dispossessory action because "[n]o federal question [wa]s presented on the face of Plaintiff's Complaint"). "Federal jurisdiction cannot be predicated on an actual or anticipated defense," nor "can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 206 (2009).

Although not alleged in his Notice of Removal or instant Motion, because of Defendant's pro se status, the Court also considers whether it has subject-matter jurisdiction based on diversity of citizenship. Defendant appears to be a Georgia citizen [Doc. 1-3 at 1], but Plaintiff's citizenship is unclear. Defendant does not set forth any allegations regarding citizenship, and Plaintiff does not address citizenship either. [Doc. 5-1 at 3-4]. But even if the parties were diverse, as a Georgia citizen, Defendant cannot remove the dispossessory action filed in state court in Georgia to federal court. 28 U.S.C. § 1441(b)(2). Further, Plaintiff's dispossessory action against Defendant "cannot be reduced to a monetary sum for purposes of determining the amount in controversy" required for diversity jurisdiction. *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); *see also Fed. Home Loan Mortg. Corp. v. Williams*, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather a dispute over the limited right to possession, title to property is not at issue and, accordingly, the

7

removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.") And, the demand for money damages in the dispossessory warrant is below the $75,000 threshold. *See* Doc. 5-1 at 8-9. Therefore, the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) are not met.

In sum, because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV.    CONCLUSION

Because the Court does not have subject matter jurisdiction over this case, it **GRANTS** Plaintiff's Motion to Remand [Doc. 5]. Defendant's Motion for Temporary Restraining Order and Injunction [Doc. 4] is **TERMINATED**. Accordingly, the above-styled action is hereby **REMANDED** to the Magistrate Court of Henry County pursuant to 28 U.S.C. § 1447(c). Upon remand, the Clerk is directed to close this file.

**IT IS SO ORDERED**, this 5th day of December, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

8